THE STATE, ELIAS D. BAKER ET AL., RELATORS, v. WILLIAM V. SCUDDER, COLLECTOR OF PRINCETON TOWNSHIP.

1. It is the duty of a court so to construe a statute, as that the whole may stand.
2. A statute that acts retrospectively is not necessarily invalid.
3. Courts will not construe a law as retrospective, unless such clearly appears to have been the intention of the legislature.
4. The operation and effect of a supplement to " an act to authorize the township of Princeton to raise money by taxation, and to issue bonds to pay the indebtedness incurred in filling the quota of said township," passed March 22d, 1865, discussed and considered.

---

*Certiorari* to the collector of the township of Princeton, to remove into this court a tax warrant, issued by a justice of the peace, and in the hands of the collector to execute.

The facts of the case, and the reasons assigned for setting aside the tax warrant. are sufficiently set forth in the opinion of the court.

The argument was had before Justices DALRIMPLE and WOODHULL.

For the relators, *T. G. Lytle* and *P. D. Vroom.*

For the defendant, *J. F. Hageman.*

The opinion of the court was delivered by

DALRIMPLE, J. The township of Princeton, in the county of Mercer, by an act passed the twenty-second day of March, 1865, *Pamph. Laws, p.* 471, was authorized to raise by tax the sum of seventy-five thousand dollars, to pay indebtedness incurred by filling the quotas of said township, under the several calls then recently made. for troops, by the president of the United States. The assessment was to be made as follows: twenty-five thousand dollars were to be assessed and collected immediately on the passage of the act; twenty-five thousand dollars and accrued interest, on the first day of March, 1866, and the remainder on the first day of March, 1867. These several sums were to be raised by levying, first, a personal bounty tax of ten dollars upon each male inhabitant between the ages of twenty-one and forty-five; and of five dollars upon each other male inhabitant whose name should appear upon the tax duplicate of the year next preceding the assessment, and the remainder upon the real and personal property of the inhabitants of said township, within ten days after the first day of March, 1866, and 1867, respectively. The assessor was required to deliver to the collector of said township a duplicate of such assessment, of which notice was to be immediately given, by writing, set up in three of the most public places in the township, and a demand of payment within twenty days after receipt of duplicate, made by the collector on each tax payer. A failure to pay the tax thus assessed within four weeks after

the public notice rendered the tax payer delinquent, and the collector was thereupon required to make return of such delinquents to a justice of the peace, who was required in three days thereafter to issue his warrant against such delinquents, in the form, and to the effect pointed out by the general tax law.

The first instalment of twenty-five thousand dollars was assessed and levied in the year 1865, in accordance with the act. On the first day of March, 1866, an assessment was made to raise the second instalment of twenty-five thousand dollars and accrued interest. The relators and their property were included in this assessment. They bring this *certiorari* to set aside the tax warrant issued against them. Before the relators had become delinquent, a supplement to said act was passed. That supplement was approved April 2d, 1866, *Pamph. Laws* 902, and it is thereby enacted, that the said assessments authorized to be made on the first day of March, 1866, and on the first day of March, 1867, should be levied as follows: first, by a personal bounty tax of two dollars upon each single male inhabitant, and of one dollar upon each married male inhabitant of said township, whose name should appear upon the last preceding tax duplicate, instead of the poll tax of ten dollars and five dollars. as authorized by the original act, and the remainder should be levied on real and personal estate, as aforesaid, with a proviso that all persons who then were, or had been, in the military or naval service of the United States, and received an honorable discharge, should be exempt from the payment of any personal bounty tax whatever. All provisions of the original act, inconsistent or in conflict with said supplement, were thereby expressly repealed. The supplement took effect immediately upon its passage.

The precise question presented to the court is, whether the act of April 2d, 1866, directing that the assessment to be made on the first day of March, 1866, should be levied on a new and different basis, rendered illegal all proceedings subsequently taken under the original act. The object of the supplement was to reduce the amount of personal tax to

be collected, as well in the year 1866 as 1867. Besides, the legislature deemed it equitable and just, that all soldiers and sailors, then in service, or who had been honorably discharged, should be wholly exempted from the poll tax. The effect was, to throw a larger proportion of the burthen upon the taxable property of the township. The apparent incongruity in the phraseology of the supplement, has probably arisen from the fact that it was introduced prior to the first of March, but not passed and approved till after that day. The construction contended for by the defendant, would render the supplement wholly inoperative and void, so far as the tax of 1866 is concerned. In express terms, the supplement refers to the tax of 1866, substitutes a new basis of assessment, and repeals every inconsistent and conflicting provision of the original act. The right of the township to make or enforce such an assessment, as originally provided, is taken away; this must be so, or, as already stated, the supplement is a dead letter, in respect to the tax of 1866. Its object clearly was to change the mode of assessment, as well for 1866 as 1867. The tax of 1866, though rightfully assessed in accordance with the original act, cannot be enforced without defeating the end, aim, and object of the supplement. Every provision of the original act, authorizing the collection of a higher personal bounty tax than provided in the supplement, or the collection of any personal bounty tax of a soldier or sailor then in service or honorably discharged, is in conflict with the supplement, and repealed. The assessment having been rightly made may stand. Its operation and effect are, however, destroyed. Any proceeding to enforce it would be in direct conflict with the object of the legislature, as expressed in a statute subsequently passed. It is the duty of the court to construe this statute, "that the whole may (if possible) stand." We do no violence to the language used when we say, that the effect of the statute is to suspend the collection of the tax assessed on the first day of March, 1866. It is said that this construction makes the statute act retrospectively; if this be so, the statute is, nevertheless, valid.

Courts will not construe a law as retrospective, unless such clearly appears to have been the intention of the legislature. This is not a retrospective law, within the proper meaning of that term. It unsettles no right—does not purport to operate upon any contract already made. It does not even affect any former proceedings. It simply substitutes one principle of taxation for another. It is not now necessary to decide whether, upon the passage of the supplement, a new assessment for 1866 might not immediately have been made, nor whether the collection of the tax of 1866, having been suspended, makes it necessary to assess the instalment of 1866, as well as 1867, in the latter year. The act under which the assessment was made, having been repealed before the assessment could have been enforced, there was no authority for any further proceeding under it after such repeal.

Let all proceedings upon the assessment, subsequent to the passage of the act of April 2d, 1866, be set aside.

REVERSED, 4 *Vroom* 424.